UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROBERT TOWLES | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-196 RM |
| | ) | (Arising from 3:05-CR-11(2) RM) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

Robert Towles pleaded guilty to knowingly maintaining a place for the purpose of manufacturing a controlled substance. 21 U.S.C. § 856. In his signed plea agreement, he waived several valuable rights, including his right to contest his conviction or sentence on any ground in any post-conviction proceeding, specifically including a petition under 28 U.S.C. § 2255. Mr. Towles now files his petition for a writ of habeas corpus under 28 U.S.C. § 2255, and for the reasons that follow, the court denies his petition.

A plea agreement that contains a waiver of the right to file a petition under §2255 can be collaterally attacked in a limited number of circumstances: challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook 406 F.3d 485, 487 (7th Cir. 2005); United States v. Whitlow, 287 F.3d 638, 640 (7th Cir. 2002), or when a defendant claims the waiver was involuntary or that counsel was ineffective in negotiating the agreement. Mason v. United States., 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. Unites States, 167 F.3d 1142, 1144-1146 (7th Cir. 1999). Mr. Towles challenges his sentence

on the ground that his plea agreement has been breached. He says the 24-month sentence he received violates an agreement to receive an 18-month sentence.

A waiver of appeal must be enforced unless a prosecutor's transgression is so serious that it entitles the defendant to cancel the whole plea agreement. U.S. v. Whitlow, 287 F.3d at 640 ("[w]e have held time and again that a waiver of appeal stands or falls with the rest of the bargain"). Mr. Towles, however, doesn't ask that his plea agreement be set aside: "the petitioner is not appealing his agreement whcih (sic) he signed, and are not able to so long as it is the agreed upon 18 months." Instead, he wants an 18-month sentence which he apparently believes the government was to supposed recommend, and the court was required to impose.

This argument is frivolous because the agreement doesn't require that the government recommend a particular sentence. His agreement provides:

> I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

In exchange for this waiver, the government agreed to recommend a reduction for a timely acceptance of responsibility. The government made such a recommendation, which the court accepted.

Moreover, a court is bound by a particular sentence if the agreement clearly stipulates a specific sentence and the court subsequently accepts the plea agreement. *See* Fed. R. Crim. P. 11(c)(1); U.S. v. O'Neill, 437 F.3d 654, 661 (7th Cir. 2006). This wasn't the case. Mr. Towles was advised during his plea colloquially that the court would be required to answer questions in determining a sentence within the statutory range, that the government would recommend that the court answer the question of acceptance of responsibility in his favor, but that nobody would have the right to withdraw from the plea simply because they disagreed with the sentence.

To the extent Mr. Towles argues he had an agreement outside the signed plea agreement that he would receive an 18 month sentence, his argument is frivolous. Mr. Towles signed agreement provides that "other than this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be impose or any other matter." Moreover, Mr. Towles statements made under oath, are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and during his plea colloquially, he was asked whether "anybody made any other promises or predictions to you as to what sentence you're going to get in this case," to which he responded "no."

The waiver contained in Mr. Towles' signed plea agreement is valid.

3

Accordingly, his petition filed pursuant to 28 U.S.C. § 2255 [Docket No. 2 in Cause No. 3:06-CV-196 and Docket No. 32 in Cause No. 3:05-CR-11] is DENIED.

SO ORDERED.

Entered:   August 7, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   counsel of record / R. Towles